

1   THOMAS N. STEWART, III - #88128
    ATTORNEY AT LAW
2   369 BLUE OAK LANE, 2ⁿᵈ FLOOR
    CLAYTON, CA 94517
3   TELEPHONE (925) 672-8452
    TELEFAX (925) 673-1729
4   Attorneys for Albert Dytch

5
            UNITED STATES DISTRICT COURT
6
**ORIGINAL**   NORTHERN DISTRICT OF CALIFORNIA
7

8   ALBERT DYTCH,                         
                                      Case No. C10-
9        Plaintiff,                   Civil Rights

10  v.                               COMPLAINT FOR PRELIMINARY AND
                                     PERMANENT INJUNCTIVE RELIEF AND
11  Ted Cohn, as Trustee,            DAMAGES: DENIAL OF CIVIL RIGHTS AND
                                     PUBLIC FACILITIES TO PHYSICALLY
12                                   DISABLED PERSONS (CIVIL CODE §§ 54,
                                     54.1 AND 55; INJUNCTIVE RELIEF PER
13                                   TITLE III, AMERICANS WITH DISABILITIES
                                     ACT OF 1990
14       Defendants.
    _____/
15
        Plaintiff, Albert Dytch, alleges:
16
        FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
17  FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
        PUBLIC FACILITIES AT A RESTAURANT (Civil Code §§ 51, 54.1)

18  1.      Plaintiff, suffers from muscular dystrophy, does not have the substantial use of his legs

19  and is a "person with a disability" and "physically handicapped person".  Plaintiff requires the

20  use of a wheelchair for locomotion and is either unable to use portions of public facilities which

21  are not accessible to disabled persons who require the use of a wheelchair or is only able to use

22  such portions with undue difficulty.

23       Complaint                                    1

2. The Jorges El Tapatio restaurant located at 1416 Fruitvale Avenue, Oakland, California (the Restaurant) is a restaurant which is open to the public. Defendant owns the real property where the Restaurant is located and/or operates the Restaurant.

3. Summary of facts: This case involves the denial of access to Plaintiff and others similarly situated at the Restaurant on August 14, 2010. Plaintiff was denied equal protection of the law and was denied Civil Rights under both California law and federal law, as hereinbelow described. Plaintiff was denied his rights to full and equal access at the Restaurant because of an inaccessible restroom, all of which made the Restaurant not properly accessible to Plaintiff and to others similarly situated. Plaintiff seeks injunctive relief to require Defendants to correct those barriers, to comply with ADAAG and the CBC where required, to remove all barriers to access in the Restaurant which are readily achievable, to make all reasonable accommodations in policy in order to enable Plaintiff and others similarly situated to use the Restaurant and at minimum, to use readily achievable alternative methods to enable Plaintiff to use the goods and services which the Restaurant makes available to the non-disabled public. Plaintiff also seeks the recovery of damages for his personal damages involved in the discriminatory experiences on August 14, 2010, and seeks recovery of reasonable attorney's fees and litigation expenses and costs according to statute.

4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Civil

Complaint                              2

1    Code §§ 51, 54, 54.1 and 55.

2    5. Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact

3    that the location where Plaintiff experienced his discrimination is located in this district and

4    that Plaintiff's causes of action arose in this district.

5    6. Intradistrict: This case should be assigned to the San Francisco intradistrict because the

6    incident occurred in, and Plaintiff's rights arose in, the San Francisco intradistrict.

7    7. The Restaurant is a "public accommodation or facility" subject to the requirements of

8    California Civil Code § 51, 54, 54.1 and 55.

9    8. Placeholder.

10   9. Defendants are and were the owner, operator, manager, lessor and lessee of the subject

11   Restaurant at all times relevant herein. Plaintiff is informed and believes that each of the

12   Defendants is and was the agent, employee or representative of each of the other Defendants,

13   and performed all acts and omissions stated herein within the scope of such agency or

14   employment or representative capacity and is responsible in some manner for the acts and

15   omissions of the other Defendants in proximately causing the damages complained of herein.

16   10. Plaintiff and others similarly situated are disabled persons who require the use of a

17   wheelchair and are unable to use public facilities on a "full and equal" basis unless each such

18   facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and

19   the regulations thereof. Under Civil Code §§ 51 and 54.1, Defendants were required to comply

20   with the requirements of the Americans with Disabilities Act of 1990 and the federal

21   regulations adopted pursuant thereto. The acts and omissions of which Plaintiff complains took

22

23   Complaint                              3

place at the Restaurant.

11. Civil Code §§ 51 and 54, et seq., were enacted to prohibit discrimination against people with disabilities and to encourage the full and free use by people with disabilities of public facilities and other public places.  CC §§ 51 and 54(c) state that a violation of the Americans with Disabilities Act of 1990 is a "violation of this section"; CC § 54.1(a) states that individuals with disabilities are entitled to "full and equal access" to public accommodations and that such access means that which meets the standards of Titles II and III of the Americans with Disabilities Act of 1990 and federal regulations adopted pursuant thereto; CC § 52 states that minimum damages for discrimination are $4,000 for each incidence of discrimination; CC § 54.3 states that minimum damages for discrimination are $1,000; CC § 54.3 states that a defendant who denies or interferes with a disabled person's rights of access is liable for actual damages and attorneys' fees.

12. Health & Safety Code § 19955 was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code."  Such public accommodations include those which are the subject of this action.  On information and belief, Title 24 California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of construction and of each alteration of work, all of which occurred after July 1, 1982, thus requiring access complying with the specifications of title 24 for all such construction and for each such "alteration, structural repair or addition".

13.  The Restaurant's restroom is inaccessible to people in wheelchairs because of a lack of

Complaint                                4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

proper maneuvering clearances, lack of a back grab bar, and because the lavy has no knee clearance.

On August 14, 2010, Plaintiff patronized the Restaurant. At that time, although he tried, he was unable to use the restroom's toilet, because of the lack of space.

As a result, Plaintiff is entitled to statutory damages in an amount according to proof.

14. Defendant's failure to create an accessible entrance, path of travel, and an accessible restroom, remove all readily achievable barriers, institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public without having to suffer the indignities, as aforesaid, was a violation of the California Building Code, the Americans with Disabilities Act and federal regulations adopted pursuant thereto, and as a consequence, was a violation of Civil Code §§ 51 and 54, et seq.

15. Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by Defendant at the Restaurant as stated above which appear to be continuing, and which have the effect of wrongfully excluding Plaintiff and others similarly situated from using the Restaurant. Plaintiff will patronize the Restaurant again once the barriers are removed. Such acts and omissions are the cause of humiliation and inconvenience of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against Plaintiff on the sole basis that Plaintiff is a person with a disability and requires the use of a wheelchair for movement in public places. Plaintiff is unable so long as such acts and omissions of Defendant continue, to achieve equal access to and use of this public facility. The

Complaint                                     5

acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

16. Damages: As a result of the denial of equal access to the Restaurant and due to the acts and omissions of Defendants and each of them in owning, operating and/or leasing the Restaurant, Plaintiff suffered a violation of Civil Rights including but not limited to rights under Civil Code §§ 51, 54 and 54.1, and suffered mental and emotional distress, all to Plaintiff's damages. Defendant's actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff was physically disabled and unable to use the facilities on a full and equal basis as other persons. Plaintiff seeks the minimum damages of $4,000 pursuant to CC § 52, and $1,000 pursuant to CC § 54.3, for each of the dates on which Plaintiff was subjected to barriers at the Restaurant. Plaintiff also seeks trebling of all of the actual damages as provided by Civil Code § 54.3.

17. Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code §§ 52 and 54.3. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorney's fees, litigation expenses and costs pursuant to Code of Civil Procedure § 1021.5.

Complaint                                          6

18. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing

refusal by Defendants to comply with the requirements of the Americans with Disabilities Act

of 1990 and regulations adopted pursuant thereto with respect to access of disabled persons to

the Restaurant; for statutory damages pursuant to CC § 52; for actual and treble damages

pursuant to CC § 54.3 and for attorneys' fees and costs pursuant to CC §§ 52, 54.3 and 1021.5.

SECOND CLAIM FOR RELIEF:
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
42 USC §§ 12101 FF

19. Plaintiff realleges the allegations of paragraphs 1-18 hereof.

20. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101

regarding physically disabled persons, finding that laws were needed to more fully protect

"some 43 million Americans [with] one or more physical or mental disabilities"; that

"historically society has tended to isolate and segregate individuals with disabilities"; and that

"such forms of discrimination against individuals with disabilities continue to be a serious and

pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities

are to assure equality of opportunity, full participation, independent living and economic self

sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary

discrimination and prejudice denies people with disabilities the opportunity to compete on an

equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC

§12101(b)):

> It is the purpose of this act
> (1) to provide a clear and comprehensive national mandate for the elimination of

Complaint                                          7

discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, *enforceable standards* addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of *discrimination faced day to day* by people with disabilities (emphasis added).

22. As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181 ff). Among "private entities" which are considered "public accommodations" for purposes of this Title is a Restaurant (Regulation 36.104).

23. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases or leases to, or operates a place of public accommodation."

24. Among the specific prohibitions against discrimination were included:

*§12182(b)(2)(A)(ii)*: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities ...";

*§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services ..."; *§12182(b)(A)(iv)*:

Complaint                                      8

1  "A failure to remove architectural barriers and communication barriers that are structural in

2  nature, in existing facilities ... where such removal is readily achievable"; *§12182(b)(A)(v)*:

3  "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily

4  achievable, a failure to make such goods, services, facilities, privileges, advantages, or

5  accommodations available through alternative methods if such methods are readily achievable".

6  The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights

7  under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part

8  36ff.

9  25.  The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were

10  at all times herein mentioned "readily achievable" under the standards of the Americans With

11  Disabilities Act.  Because the Restaurant was not accessible, Defendants had an obligation to

12  have some sort of plan which would have allowed Plaintiff to enjoy the Restaurant's services

13  without having to suffer the indignities as aforesaid.

14  26.  Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is

15  entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42

16  USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in

17  violation of this Title or has reasonable grounds for believing that he is about to be subjected to

18  discrimination in violation of §12182.  On information and belief, Defendants have continued

19  to violate the law and deny the rights of Plaintiff and of other disabled persons to access this

20  public accommodation since on or before August 14, 2010.  Pursuant to §12188(a)(2), "In

21  cases of violations of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter

22

23

Complaint                              9

facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

27.  Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a person for purposes of Section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to patronize the Restaurant.

Wherefore Plaintiff prays for relief as hereinafter stated:

PRAYER

1.  Issue a preliminary and permanent injunction directing Defendants to modify its facilities as required by law to comply with the ADAAG and the CBC where required, remove all barriers where it is readily achievable to do so, institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public so that it provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to maintain its facilities usable by plaintiff and similarly situated persons with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.  Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

Complaint                                        10

1    public facilities as complained of herein no longer occur, and will not recur;

2         3. Award to Plaintiff all appropriate statutory damages;

3         4. Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs

4    of this proceeding as provided by law; and

5         5. Grant such other and further relief as this Court may deem just and proper.

6    Date: November 4, 2010

7

8                              ___S/Thomas N. Stewart, III_____
                                    Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
     Complaint                          11